UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL JABLONSKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 15-CV-1450 |
| ) | |
| CORRECTIONAL OFFICER ) | |
| YOUNG, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MERIT REVIEW OPINION**

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. §1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

**ALLEGATIONS**

The pro se Plaintiff, a state prisoner, claims his constitutional rights were violated when he was a pretrial detainee at the Tazewell

County Jail.  Plaintiff has named three Defendants including Correctional Officer Young, Correctional Officer Carney, and Commander John Doe.

In May of 2015, Plaintiff says he began to experience "severe pain" in his left arm, but Defendant Young refused two requests for medical care. (Comp., p. 4).  Plaintiff asked to speak with a supervisor, and Commander John Doe responded.  However, the Commander also refused Plaintiff's requests and instead sent the Plaintiff to segregation.  The Defendant also applied handcuffs and pushed Plaintiff's arms in the air intentionally causing additional pain.

In segregation, Plaintiff asked Defendant Carney for medical attention, but his requests were again ignored and Plaintiff was ultimately sent to the Illinois Department of Corrections without receiving any medical care.

## ANALYSIS

Plaintiff has adequately alleged Defendants Young, Carney, and Doe violated his constitutional rights when they were deliberately indifferent to his serious medical condition.  In addition, Plaintiff has alleged Defendant Doe used excessive force

when the officer handcuffed the Plaintiff and transferred him to segregation.

Plaintiff also says he was denied grievance forms to complain about the lack of care and he was, therefore, denied meaningful access to the courts. However, Plaintiff does not list this allegation as one of his intended claims.(Comp., p. 7). Furthermore, Plaintiff has failed to state a constitutional violation since he was able to pursue the instant lawsuit. *See Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009)(plaintiff must allege the deprivation caused an actual injury); *see also Campbell v. Clarke,* 481 F.3d 967, 968 (7th Cir.2007) (holding that a prisoner must allege that "a lack of access to legal materials has undermined," or caused to founder, "a concrete piece of litigation").

Finally, Plaintiff alleges he is suing each Defendant in his individual and official capacities, but Plaintiff has failed to articulate an official capacity claim.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claims: a) Defendants Young, Carney, and Doe were deliberately

indifferent to Plaintiff's serious medical condition; and, b) Defendant Doe used excessive force against the Plaintiff. Both claims are stated against the Defendants in their individual capacities. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)   This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3)   The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status

of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

    4)    With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

    5)    Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address

or phone number will result in dismissal of this lawsuit, with prejudice.

9) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

11) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

12) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

13) **The Clerk is to set an internal court deadline 60 days from the entry of this order for the Court to check on the status of service and enter scheduling deadlines.**

ENTERED: May 2, 2016

FOR THE COURT:                     s/ Sue E. Myerscough
                                   _____
                                   SUE E. MYERSCOUGH
                                   UNITED STATES DISTRICT JUDGE